Leon Greenberg, NSB 8094
Dana Sniegocki, NSB  11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard #E-4
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

---------------------------------X

| | |
|---|---|
| MARNI M. GUY, Individually and on behalf of all others similarly situated, | ) ) ) **Case No.:** |
| | ) |
| Plaintiffs, | ) **COMPLAINT** ) |
| | ) **CLASS ACTION** |
| vs. | ) ) |
| | ) |
| CASAL INSTITUTE OF NEVADA, LLC doing business as AVEDA INSTITUTE LAS VEGAS, ARTHUR J. PETRIE, JOHN GRONVALL, and THOMAS CIARNELLO, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | X |

COMES NOW PLAINTIFFS, on behalf of themselves and all others similarly situated and on behalf of the general public, hereby allege:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over the claims alleged herein because Plaintiffs seeks relief pursuant to the Fair Labor Standards Act ("FLSA") for the Defendants' failure to pay minimum wages and/or overtime wages as required by 29 U.S.C. § 201-218 et. seq.  The employment relationship alleged to exist between the parties is subject to the FLSA because the defendants are properly deemed

1

"employers" within the meaning of the FLSA as they have in excess of $500,000 in yearly revenue and the employment alleged involved the use or handling of goods that have moved or were moving in interstate commerce, as those terms are defined in the FLSA.

2.   The Court has supplemental and original jurisdiction over the State Law claims alleged herein pursuant to 28 U.S.C. § 1367(a) and the Class Action Fairness Act of 2005, 28 USCS § 1332 ("CAFA"). Supplemental jurisdiction is properly exercised over such state law claims which present many overlapping and identical issues of law and fact as the FLSA claims.  CAFA jurisdiction is properly exercised over such state law claims as the value of those claims are believed to exceed $5,000,000 on behalf of the alleged class and the citizenship of the parties meets the diversity requirements of CAFA and the other conditions for this Court to assert jurisdiction under CAFA over such claims are present.

3.   Venue is properly placed in this Court as the uncompensated labor performed by plaintiff MARNI M. GUY for defendants and that is at issue was performed within the State of Nevada and this district and defendants do or have done business in this district.

**PARTIES**

4.   Plaintiff, MARNI M. GUY (one of the "Plaintiffs"), resides in Clark County, Nevada.

5.   Defendant CASAL INSTITUTE OF NEVADA, LLC (hereinafter "Casal") is a limited liability company formed and existing pursuant to the laws of the State of Nevada and does business as AVEDA INSTITUTE OF LAS VEGAS.

6.   Defendant conducts the activities alleged herein and that

give rise the claims made in this complaint in Clark County, Nevada at its Aveda Institute of Las Vegas campus.

7.   Defendant ARTHUR J. PETRIE (one of the "Individual Defendants") is an owner and/or officer and/or director of the Aveda Institute of Las Vegas through his ownership, either directly or through one or more intermediary entities that he owns, of CASAL INSTITUTE OF NEVADA, LLC.

8.   Defendant JOHN GRONVALL (one of the "Individual Defendants") is an owner and/or officer and/or director of the Aveda Institute of Las Vegas through his ownership, either directly or through one or more intermediary entities that he owns, of CASAL INSTITUTE OF NEVADA, LLC.

9.   Defendant THOMAS CIARNELLO (one of the "Individual Defendants") is an owner and/or officer and/or director of the Aveda Institute of Las Vegas through his ownership, either directly or through one or more intermediary entities that he owns, of CASAL INSTITUTE OF NEVADA, LLC.

10. The individual defendants, ARTHUR J. PETRIE, JOHN GRONVALL, and THOMAS CIARNELLO, are subject to this Court's jurisdiction based upon their physical presence in Nevada and/or based upon their continued presence in Nevada which constitute sufficient minimum contacts by their having conducted extensive business in Nevada including, but not limited to, their ownership, management, and operation of defendant, CASAL INSTITUTE OF NEVADA, LLC.  If the actions by the individual defendants, ARTHUR J. PETRIE, JOHN GRONVALL, and THOMAS CIARNELLO, alleged herein were undertaken outside the State of Nevada were, such actions were purposely directed to be instituted by the defendant, CASAL INSTITUTE OF

NEVADA, LLC, in the State of Nevada and caused the violations of the FLSA and Nevada laws alleged herein that took place in the State of Nevada and give rise to personal jurisdiction by this Court over such defendants in respect to such FLSA and Nevada law violations.

**CLASS ACTION AND REPRESENTATIVE ALLEGATIONS**

11. The named Plaintiff brings this action on her own behalf, and on behalf of the class of all persons similarly situated and on behalf of the general public.

12. The class consists of all persons who were, as alleged herein, wholly uncompensated employees of the Defendants in their profit making personal services businesses under the FLSA, such class claims being brought pursuant to 29 U.S.C. § 216(b) which authorizes lawsuits on behalf of others similarly situated, such lawsuits often referred to as "collective" and not "class" actions. Some or all of such persons who are alleged to be similarly situated and members of the FLSA class are also entitled to relief under the laws of the State Nevada (the "state claims"), as alleged herein. It is asserted that the state claims are properly subject to class action treatment under FRCP Rule 23 for the reasons alleged herein.

13. The class claims asserted in paragraph 11 encompass under the FLSA the time period from three years prior to the commencement of this action through the date of any judgment, such claims encompassing for state law purposes the statute of limitations applicable to such state law as determined by the date of the commencement of this action through date of any judgment.

14. The class of persons identified in paragraph 8 is in excess of 500 and is so numerous that the joinder of each member of the class is impracticable.

4

15. There is a well-defined community of interest in the questions of law and fact affecting the class the named plaintiffs propose to represent. The class members' claims against Defendants involve questions of common or general interest, in that their claims are based on Defendants' failure to pay any wages whatsoever to such persons despite the FLSA's requirement, as alleged herein, that such persons be paid at least the minimum hourly wage provided for in 29 U.S.C. § 206, such conduct also violating the legal obligations imposed upon the defendant under the various state laws alleged herein. These questions are such that proof of a state of facts common to the members of the class will entitle each member of the class to the relief requested in this Complaint.

16. The named plaintiff will fairly and adequately represent the interests of the class, because the named plaintiff is a member of the class and the claims of the named plaintiff are typical of the claims of those in the class. The named plaintiff has retained experienced counsel competent to represent the class, the adjudication of the putative FRCP Rule 23 class claims on a class action basis is superior to other means of adjudication of such claims and/or is desirable based upon the common actions of the defendants towards the class and/or the risk of inconsistent adjudications and uncertainty regarding the proper standard of conduct by the defendants if such claims were subject to multiple individual litigations and/or the other criteria of FRCP Rule 23 are met warranting the class action certification of such claims.

## RELEVANT FACTS OF THE DEFENDANTS' BUSINESS OPERATIONS AND THE PARTIES' RELATIONSHIP

17. Casal is a for-profit business, meaning it is not

1 registered with, or recognized by, any State or the United States as

2 non-profit or charitable enterprises.

3     18. Casal is a for-profit business, meaning it is required by

4 law to file tax information reports or tax returns with the United

5 States Internal Revenue Service and on none of those filings is it

6 indicated that they are a charity or non-profit business within the

7 meaning of the statutes and regulations that govern their obligation

8 to file those reports or returns.

9     19. Casal's for-profit business activities in Nevada in

10 providing educational services (the "educational services business")

11 to paying students in fields of cosmetology and esthetics, which

12 includes training students to practice, as regulated by various

13 state laws, the trades of cosmetology and esthetics or skin care.

14     20. Casal's for-profit business activities in Nevada also

15 includes the providing of personal services, for a fee, to members

16 of the public (the "personal services business") who in exchange for

17 paying such a fee receive cosmetology and/or esthetics services.

18     21. Casal's for-profit personal services business activities

19 are designed to generate a profit for defendants and does generate a

20 profit for the defendants and the revenue defendants receive from

21 the fees Casal charges to the public for the personal services

22 provided by such business exceed the value of the materials, if any,

23 that such members of the public consume during the receipt of such

24 services.

25     22. Defendants utilize the labor of the class members, who

26 have also purchased the educational services provided by Casal in

27 its educational services business, in Casal's personal services

28 business.

23. The class members are paid no compensation by the defendants for the labor they provide in Casal's personal services business, meaning they receive no payments in United States currency or in instruments that are convertible as a matter of law into such currency in exchange for furnishing such labor.

24. The labor provided by the class members in Casal's personal services business was and is essential to that business, in that the labor needed to provide the personal services to the members of the public, for which such members of the public paid a fee to Casal, was furnished exclusively or predominately by the class members.

25. Without the labor provided by the class members, Casal's personal services business would either cease to operate or would have to secure labor from other persons who would have to be compensated at a minimum hourly wage as required by the FLSA and such state laws.

26. Casal actively promotes and advertises its personal services business to the public on its website and through other means and induces the purchase of those services by offering them to members of the public at a cost lower than the cost typically charged by other business that provide such services and do not utilize uncompensated labor to provide such services. Defendant's website promotes the same by providing a "Guest Services" link for its salon and spa services. Such website link allows members of the public to receive further information about the personal services being offered by Casal using the labor of the class members.

27. Casal's for-profit personal services business competes with other profit making businesses that provide the same personal

7

services that it provides to the members of the public, in that members of the public have available to them other providers of such personal services besides Casal who, for a fee, will provide such personal services.

28. Casal is able to advantageously compete with other profit making businesses that provide the same personal services that it provides to the members of the public by charging members of the public lower fees for such services than those charged by its competitors.

29. Casal's ability to provide the same personal services to members of the public as are provided by its competitors, and earn a profit by doing so despite charging less for those services than its competitors, is either substantially or entirely the result of Casal enjoying lower operating costs in its personal services business because it provides such services to the public using the class members' unpaid labor while its competitors must pay at least the minimum hourly wage required by the FLSA or state law to their employees who provide the same labor and services to the public.

30. Defendants could have the class members provide personal services in Casal's salons to the public without charge, or only for a charge equivalent to the actual cost, if any, of the materials consumed in providing such personal services.

31. The defendants have made a conscious decision to not have the class members provide personal services to the public without charge, or only for a charge equivalent to the actual cost, if any, of the materials consumed in providing such personal services.

32. The defendants have made a conscious decision to not have the class members provide personal services to the public without

charge, or only for a charge equivalent to the actual cost, if any, of the materials consumed in providing such personal services, and have made that decision so Casal can operate a profit making personal services business that competes with other enterprises that also provide such personal services and are not in the educational services business.

33.   While the class members' labor in Casal's personal services business benefits them in securing experience providing such personal services and in achieving their ultimate goal of being licensed to practice their desired occupation, defendants' decision to operate Casal's personal services business as a profit making venture is irrelevant to the class members' education and occupational goals.  This is because the class members would enjoy the exact same benefit if Casal did not charge members of the public any fee for such personal services, or if it only charged a fee sufficient to cover the actual cost of the materials, if any, consumed by such members of the public while receiving such personal services.

34.  Casal's educational services business neither requires nor benefits from the defendants' decision to charge members of the public for providing personal services and to have Casal carry on a profit making personal services business utilizing the unpaid labor of the class members.

35.  The defendants' carrying on of a for profit personal services business, utilizing the unpaid labor of the class members, has the effect of depressing wages and employment opportunities generally among workers who would otherwise provide those personal services.  That depression of wages and employment opportunities

1   arises because defendants are paying nothing whatsoever for the

2   class members' labor used to provide such services, which in turn

3   results in defendants being able to conduct a profit making personal

4   services business that charges members of the public less than

5   Casal's competitors must charge, such competitors paying at least

6   the minimum hourly wage required by the FLSA and state law to their

7   employees.  Such ability of the defendants to secure labor for

8   Casal's profit making personal services business, without paying at

9   least the minimum hourly wage required by the FLSA and state law for

10  that labor, results in other businesses who provide the same

11  personal services and that do pay such minimum hourly wages being

12  unable to increase the wages of their workers above that minimum

13  hourly amount or hire more workers to provide such services.  Such

14  other businesses are unable to do those things as a direct and

15  proximate result of Casal's utilization of the class members' unpaid

16  labor and Casal's ability, as a result of such utilization, to sell

17  such personal services to the public for an amount less than such

18  other businesses could charge and still make a profit.

19      36.  The amount of hours of unpaid labor that the class members

20  performed in Casal's personal services business is known to the

21  defendants who kept detailed contemporaneous records of those hours

22  of work and in respect to each of the named plaintiffs such hours of

23  work were in excess of 500 hours.

24                  **HOW THE RELEVANT FACTS ESTABLISH AN
                EMPLOYMENT RELATIONSHIP FOR THE PURPOSES**
25                     **OF THE FLSA AND STATE LAW**

26      37.  The relationship between defendants and the putative class

27  members, in respect to the labor provided by the putative class

28  members in Casal's personal services business, is one of employer

                                    10

1   and employee for the purposes of the FLSA and state law.  That

2   employment relationship exists for the following reasons:

3   (a) The class members provided labor in Casal's personal

4   services business that was immediately advantageous to

5   defendants and the profitability of such business was

6   substantially or wholly dependent upon such labor;

7   (b) The class members, while receiving a benefit from

8   their labor in Casal's personal services business in the

9   form of experience that assisted them in achieving their

10   occupational goals, were simultaneously conferring a

11   valuable economic benefit upon the defendants, which were

12   charging the public for the services of the class members

13   and profiting from such charges;

14   (c) The class members' labor in Casal's personal services

15   business displaced or made unnecessary the employment of

16   the persons Defendants would have otherwise had to employ,

17   and pay wages to, for the performance of the labor that

18   the class members furnished and from which the defendants

19   profited;

20   (d) Certain of the class members' labor did not and could

21   not confer any educational or occupational benefit

22   whatsoever upon such class members, in that the class

23   members, or some of them, were required by defendants to

24   spend time not actually performing personal services on

25   customers but performing manual labor or administrative

26   functions including, but not limited to, janitorial,

27   clerical or logistical functions, that were essential and

28   necessary for the conducting of Casal's personal services

11

business but which had no educational purpose or benefit to the class members and for which time expenditures defendants failed and refused to pay the class members any wages whatsoever; and

(e) For the reasons stated in paragraph 35, as Casal's utilization of the unpaid labor of the class members in a commercial, for-profit, personal services business depresses the wages of employees in that industry and lessens the employment opportunities in that industry.

### HOW THE RELEVANT FACTS RENDER THE DEFENDANTS OTHER THAN THE CORPORATE DEFENDANT LEGALLY RESPONSIBLE FOR THE PLAINTIFFS' CLAIMS

38. The defendants Petrie, Gronvall, and Ciarnello, by virtue of their ownership and/or control of Casal, were empowered to make, and did make, the decisions to have Casal institute and/or continue the defendants' practices that are alleged to have created an employer and employee relationship between Aveda Institute of Las Vegas and the plaintiffs and the class members for the purposes of the FLSA and state minimum wage laws that are alleged in this complaint, such actions by Petrie, Gronvall, and Ciarnello also causing the violations of the FLSA and state law alleged in this complaint.

39. The defendants Petrie, Gronvall, and Ciarnello, by virtue of their ownership and/or control of Casal could have, but did not, make the decision to have Casal discontinue the defendants' practices that are alleged to have created an employer and employee relationship between Casal and the plaintiffs and the class members for the purposes of the FLSA and the state minimum wage laws that

are alleged in this complaint, such actions by Petrie, Gronvall, and
Ciarnello also causing the violations of the FLSA and state law
alleged in this complaint.

40. The defendants Petrie, Gronvall, and Ciarnello, despite
having the power to do so, did not direct Casal to discontinue the
practices that are alleged to have created an employer and employee
relationship between Casal and the plaintiffs and the class members
for the purposes of the FLSA and the state minimum wage laws that
are alleged in this complaint, such actions by Petrie, Gronvall, and
Ciarnello also causing the violations of the FLSA and state law
alleged in this complaint.  The defendants Petrie, Gronvall, and
Ciarnello failed to take such action because doing so would have
diminished the profits of Casal and such diminishment of profits
would have in turn diminished the financial returns enjoyed by
defendants Petrie, Gronvall, and Ciarnello from their ownership or
control of Casal.

41. The defendants Petrie, Gronvall, and Ciarnello became
aware, at least three years prior to the commencement of this
action, that the personal services business of Casal was an
important and profitable business activity of Casal.

42. The defendants Petrie, Gronvall, and Ciarnello became
aware, at least three years prior to the commencement of this
action, that the personal services business of Casal relied upon the
unpaid labor of the class members.

43. The defendants Petrie, Gronvall, and Ciarnello, after they
became aware that the personal services business of Casal relied
upon the unpaid labor of the class members, made no attempt to
ascertain whether Casal's use in its personal services business of

13

1  the unpaid labor of the class members was in compliance with the
2  FLSA or the state minimum wage laws in the states where Casal
3  operated.

4       44.  The defendants Petrie, Gronvall, and Ciarnello, after they
5  became aware that the personal services business of Casal relied
6  upon the unpaid labor of the class members, and prior to the
7  occurrence of the injuries sustained by the plaintiffs and the class
8  members, were made aware that the use of unpaid student labor by a
9  private for profit cosmetology school in a profit making personal
10 services business might violate the FLSA.  The defendants Petrie,
11 Gronvall, and Ciarnello, despite that knowledge, made no attempt to
12 change Casal's practice of using uncompensated student labor in a
13 profit making personal services business.

14      45.  The defendants Petrie, Gronvall, and Ciarnello, after they
15 became aware that the personal services business of Casal relied
16 upon the unpaid labor of the class members, and prior to the
17 occurrence of the injuries sustained by the plaintiffs and the class
18 members, were made aware that the use of unpaid student labor by a
19 private for profit cosmetology school in a profit making personal
20 services business either did violate the FLSA or had been found by
21 at least one court to violate the FLSA.  The defendants Petrie,
22 Gronvall, and Ciarnello, despite that knowledge, made no attempt to
23 change Casal's practice of using uncompensated student labor in a
24 profit making personal services business.

25      46.  In light of the foregoing set of facts, the defendants
26 Petrie, Gronvall, and Ciarnello are properly deemed "employers" of
27 the plaintiffs and the class members within the meaning of the FLSA
28 and the state laws alleged in that defendants Petrie, Gronvall, and

Ciarnello were acting as decision making "agents of an employer" and were the controlling persons of Casal and the beneficial owners of Casal and the Aveda Institute of Las Vegas with the power to implement, continue and/or terminate the illegal policies and practices that are alleged to have violated the FLSA and the state laws that are alleged in this complaint.  The defendants Petrie, Gronvall, and Ciarnello not only were vested with such powers, but also knowingly exercised such powers to continue the violations of the FLSA and the state laws that are alleged in this complaint and/or they acquiesced to the continuation of such violations despite having the power and duty to prevent and stop the same.  The imposition of such liability upon the defendants Petrie, Gronvall, and Ciarnello is also proper because they expressly directed Casal to commit the criminal acts that violated the FLSA and the state laws alleged and as a result should be held civilly liable for such violations of law.

**FIRST CLAIM FOR RELIEF UNDER
THE FAIR LABOR STANDARDS ACT**

47.  Plaintiff hereby incorporates each and every allegation contained in this Complaint above and realleges said allegations as though fully set forth herein.

48.  Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, the named plaintiff and those similarly situated were entitled to at least the minimum hourly wage, which is currently $7.25 an hour, for each hour that they labored in defendants' personal services business and in the event they worked more than 40 hours a week an overtime hourly wage of time and one-half such minimum hourly wage for all hours worked in excess of 40

1  hours per week.

2      49.  The named plaintiff and those similarly situated were

3  paid no monetary compensation whatsoever by the defendants for

4  performing labor for the defendants as employees in the defendants'

5  personal services business, such failure to pay the plaintiffs and

6  the class members any compensation whatsoever violating the minimum

7  hourly wage requirements of 29 U.S.C. § 206 and, in the event any of

8  the class members or plaintiff ever worked in excess of 40 hours in

9  a week, the overtime pay requirements of 29 U.S.C. § 207.

10     50. Defendants' aforesaid violations of the FLSA were willful

11  in that defendants were aware they were running a for profit

12  personal services business and were treating the class members like

13  employees and defendants also were aware that employees of profit

14  making personal services businesses are covered by the minimum

15  hourly wage requirements of the FLSA.

16     51. The named plaintiff on behalf of herself and all other

17  similarly situated persons who consent in writing to join this

18  action, it also being proposed that all such persons be notified of

19  this action through the dispatch of a written notice to the last

20  known names and addresses of such persons that are set forth in the

21  defendants' records or that can otherwise be ascertained, seek, on

22  this First Claim for Relief, a judgment for unpaid minimum wages and

23  overtime wages and additional liquidated damages of 100% of any such

24  unpaid wages, such sums to be determined based upon an accounting of

25  the hours worked by the named plaintiff and any such other persons

26  who consent to join this action, and the plaintiffs also seek an

27  award of attorney's fees, interest and costs as provided for by the

28  FLSA.

**SECOND CLAIM FOR RELIEF UNDER
NEVADA LAW REQUIRING A MINIMUM HOURLY WAGE
AND UNDER CERTAIN CIRCUMSTANCES AN OVERTIME WAGE**

52.   Plaintiff hereby incorporates each and every allegation contained in this Complaint above and reallege said allegations as though fully set forth herein.

53.   The conduct alleged by the defendants also constituted a violation of the Nevada state laws that require the payment of minimum hourly wages and overtime wages of one and one-half times the minimum hourly wage, and that authorize civil suits to collect the same including, but not necessarily limited to, the following:

(a)   Nevada Constitution Article 15, Section 16 and N.R.S. § 608.250 (granting right to a minimum wage and authorizing civil actions to enforce that right); 608.018 (granting right to overtime wages);

54.  Defendants' alleged conduct has deprived all of the class members who worked for the defendant of the minimum wages and in some instances overtime wages owed to such class members under Nevada law.

55.  The named plaintiff, on behalf of herself and the plaintiff class, seeks a judgment for all minimum wages, overtime wages, and liquidated damages and all other damages and monetary relief authorized by Nevada law for violations of Nevada's minimum wage and/or overtime wage payment requirements.

56.   The named plaintiff, on behalf of herself and the plaintiff class, also seeks declaratory and equitable relief in the form of a declaration on the illegality of defendant's practices and

17

in the form of a suitable injunction restraining defendants from continuing to violate the minimum wage and overtime wage payment requirements of Nevada law.

### THIRD CLAIM FOR RELIEF UNDER
### NEVADA LAW REQUIRING THE
### PAYMENT OF EARNED AND UNPAID WAGES

57.  Plaintiff hereby incorporates each and every allegation contained in this Complaint above and reallege said allegations as though fully set forth herein.

58.  The conduct of the defendants, in failing to pay the minimum hourly wages required by the FLSA and Nevada law, has also violated the requirements of Nevada Revised Statutes § 608.016 (requiring payment of wages for all time worked including during trial or break in periods); § 608.060 (requiring semi-monthly payment of wages); § 608.030, 608.020 (specifying immediate payment or payment within 3 days of all wages earned and unpaid by discharged or resigning employee);

59.  Defendants' alleged conduct has deprived all of the class members who worked for the defendants of the wages defendants were legally required to pay them pursuant to Nevada's laws.

60.  The named plaintiff, on behalf of herself and the plaintiff class, seek a judgment for all wages and liquidated damages and all other damages and monetary relief authorized by the Nevada law as a result of defendants' failure to pay the named plaintiff and class members the wages defendant was legally required to pay them pursuant to Nevada law.

61.  The named plaintiff, on behalf of herself and the plaintiff class, also seeks equitable relief, in the form of declaratory relief and a suitable injunction restraining defendants

1   from continuing to fail to pay the wages of the class members, as

2   required by Nevada law.

3                        **FOURTH CLAIM FOR RELIEF UNDER**
                    **NEVADA STATUTE IMPOSING PENALTIES OR**
4                   **CONTINUING WAGE PAYMENT OBLIGATIONS**

5        62.   Plaintiff hereby incorporates each and every allegation

6   contained in this Complaint above and realleges said allegations as

7   though fully set forth herein.

8        63.   The conduct of the defendants, in failing to pay the

9   wages of the plaintiff and the class members as required by the

10  Nevada law, has also made the defendants become liable to such class

11  members for the payment of additional penalties provided for under

12  Nevada Revised Statutes § 608.040 (granting 30 days continuing wages

13  to employee not paid their earned wages within the time limit

14  provided by statute upon conclusion of their employment); Nevada

15  Constitution Article 15, Section 16 (granting right to a minimum

16  wage and all other relief available at law);

17       64.   Defendants' alleged conduct, in failing to pay the class

18  members who worked for the defendants the wages defendant was

19  legally required to pay them either under Nevada law or the FLSA has

20  given rise to a claim for monetary damages, in an amount in addition

21  to such unpaid wages, pursuant to such Nevada law.

22       65.   The named plaintiff, on behalf of herself and the

23  plaintiff class, seeks a judgment for all damages and monetary

24  relief authorized Nevada law as alleged in this claim for relief,

25  the same arising as a result of defendants' failure to pay the

26  plaintiff and the class members the wages defendants was legally

27  required to pay them pursuant to Nevada law or the FLSA.

28

19

NOW THEREFORE, Plaintiff prays for relief for herself and all class members as follows:

1.    Judgment against defendants for unpaid minimum wages and overtime wages and additional liquidated damages of 100% of any unpaid minimum wages and overtime wages pursuant to the FLSA along with an award of costs and attorney's fees;

2.    Judgment against defendants for unpaid minimum wages and overtime wages as required by the Nevada law;

3.    Judgment against defendants for continuing wages and statutory penalties and damages as required by Nevada law;

4. Equitable, declaratory and injunctive relief including restitution and restraint of defendants' actions in the future under Nevada law;

5. Costs, litigation expenses and disbursements, interest and reasonable attorney's fees; and

6. Such further relief the court deems just and reasonable.


Plaintiff also demands a trial by jury on all claims subject to a trial by jury.

Dated this 11th day of December, 2013

                          Leon Greenberg Professional Corporation


                              /s/ Leon Greenberg
                          By:_____
                              Leon Greenberg, SB# 226253
                              2965 South Jones Boulevard E-4
                              Las Vegas, NV 89146
                              (702) 383-6085
                              leongreenberg@overtimelaw.com
                              Attorney for Plaintiff