1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARNI M. GUY,                                     )
                                                  )
                          Plaintiff,              )        Case No.: 2:13-cv-02263-APG-GWF
                                                  )
vs.                                               )        **ORDER**
                                                  )
CASAL INSTITUTE OF NEVADA, LLC dba                )        **Motion for Circulation of Notice**
AVEDA INSTITUTE OF NEVADA, et. Al.,               )        **- #20**
                                                  )
                          Defendants.             )
_____              )

       This matter is before the Court on Plaintiff's Motion for Circulation of Notice of the

Pendency of this Action Pursuant to 29 U.S.C. § 216(b) and for Other Relief (#20), filed on April 4,

2014.  Defendants filed their Response to the Motion (#27) on April 21, 2014.  Plaintiff filed her

Reply (#28) on May 1, 2014.  The Court conducted a hearing in this matter on May 6, 2014.

                                    **BACKGROUND**

       Plaintiff Marni M. Guy has brought this collective/class action on behalf of herself and

other similarly situated individuals for relief pursuant to the Fair Labor Standards Act ("FLSA") for

Defendants' alleged failure to pay minimum wages and/or overtime wages as required by 29 U.S.C.

§ 201-218 et. seq.  *Complaint (#1)*, ¶1.  Plaintiff also seeks recovery of unpaid minimum wages

and/or overtime wages on behalf of herself and other class members pursuant to Nevada law.  *Id.*,

¶¶52-65.  Plaintiff alleges that Defendants operate a for-profit cosmetology and esthetics services

school, Aveda Institute Las Vegas ("Aveda"), which trains paying students to practice the trades of

cosmetology and esthetic services.  ¶19.  Defendants also operate a for-profit business that provides

cosmetology and esthetic services to the public in exchange for the payment of fees.  ¶¶ 20, 21.

Defendants allegedly require Aveda's cosmetology students to perform these cosmetology and

esthetic services without compensation.  This practice allegedly allows the Defendants to offer the services to the public at lower costs than are typically charged by cosmetology salons which do not use uncompensated labor.  ¶¶ 21-28.  Plaintiff alleges that Defendants' failure to pay the students for their services violates the FLSA and Nevada law which require employers to pay their employees minimum wages and overtime wages.

The Complaint is devoid of any specific factual allegations regarding Plaintiff Marni M. Guy.  Ms. Guy has, however, submitted a declaration in support of her motion for circulation of notice.  *Motion (#20), Exhibit 1, Guy Declaration.*  Ms. Guy states that she attended Defendants' Aveda Institute Las Vegas from March 27, 2011 through February 1, 2012 as a student in the cosmetology training program.  *Guy Declaration*, ¶2.  While participating in the training program, she was required to perform cosmetology services on customers at Aveda's salon which was located on the school campus.  This salon work requirement was imposed on all students in the cosmetology training program and a student could not graduate from the program without performing such salon work.  ¶3.  Ms. Guy further states that the customers paid significant fees to Aveda for the cosmetology services provided by the students.  ¶4.  Ms. Guy and the other students were not paid anything for the cosmetology services they provided to Aveda's customers, even though the students typically worked in the salon approximately 8 hours a day, four days a week. On a single day, Ms. Guy's work would sometimes generate $150 to $200, or more, in customer charges collected by Aveda.  Based on her observations of the work performed by other students, Ms. Guy believes that Aveda often collected similar charges for the cosmetology work they performed.  ¶5.

Ms. Guy also alleges that Aveda required the students to perform other work necessary to the operation of the salon, including general cleaning and janitorial duties, stocking and displaying hair products in the salon, taking inventory, performing laundry tasks, and working at the color dispensary.  ¶6.  Aveda also pressured the students to sell hair products to salon customers.  Aveda held contests which awarded prizes to the students who sold the most products, but did not pay commissions or other compensation to the students for the products they sold.  ¶7.  Ms. Guy estimates that there were in excess of 60 students attending the Aveda cosmetology training

1    program during the time she attended the program.  ¶9.

2           Plaintiff requests that the Court conditionally certify an FLSA opt-in class consisting of "all

3    Aveda Institute Las Vegas students who performed salon services on paying clients in Aveda's

4    salon and:  A. who performed such work after December 10, 2010, and B. who did not receive

5    minimum wage as required by the FLSA."  *Motion for Circulation of Notice (#27), Exhibit 2,*

6    *Proposed Notice of Collective Action, pg. 2.*

7           Defendants argue in their response that the Court should defer ruling on the motion to

8    circulate notice until after the Court rules on their pending motion to dismiss for failure to state a

9    claim upon which relief can be granted.  *Response to Motion (#27), pg. 2.  See also Defendants'*

10   *Motion to Dismiss (#10)*.  Defendants argue that requiring students to perform cosmetology

11   services as part of their educational training does not violate federal or state minimum wage and

12   overtime laws.  Defendants also argue that Plaintiff has not met her burden to show that there are

13   other similarly situated individuals who desire to join this action.  *Response (#27), pgs. 3-4.*

14   Defendants have not, however, submitted any evidence to counter Ms. Guy's declaration regarding

15   Defendants' alleged practices.

16                                          **DISCUSSION**

17          Under the FLSA, an employee may initiate a collective action on behalf of herself and other

18   similarly situated people.  29 U.S.C. § 216(b).  The requirements for class action certification under

19   Fed.R.Civ.P. 23(a) do not apply to claims arising under the FLSA.  *Kinney Shoe Corp. v. Vorhes,*

20   564 F.2d 859, 862 (9th Cir. 1977); *Davis v. Westgate Planet Hollywood Las Vegas*,  2009 WL

21   102735 *8 (D. Nev. 2009).  Although a plaintiff may bring an action on behalf of herself and others

22   similarly situated, "no employee shall be a party to any such action unless he gives his consent in

23   writing to become such a party and such consent is filed with the court in which such action is

24   brought."  29 U.S.C. § 216(b).  District courts have the discretion in appropriate cases to implement

25   § 216(b) by facilitating notice to potential plaintiffs.  *Hoffmann-LaRouche, Inc. v. Sperling,* 493

26   U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Edwards v. City of Long Beach,* 467

27   F.Supp.2d 986, 989 (C.D. Cal.  2006).

28   . . .

The Court must determine whether the potential plaintiffs are "similarly situated" to create an opt-in class under § 216(b).  *Davis v. Westgate Planet Hollywood Las Vegas*,  2009 WL 102735 at *9, citing *Grayson v. K-Mart Corp.,* 79 F.3d 1086, 1097 (11th Cir. 1996).  A named plaintiff seeking to create a § 216(b) opt-in class need only show that his/her position is similar, but not identical, to the positions held by putative class members.  *Sperling v. Hoffman-La Roche, Inc.,* 118 F.R.D. 392, 407 (D.N.J. 1988), aff'd in part and repealed and dismissed in part, 862 F.2d 439 (3rd Cir. 1988), aff'd, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).  The similarly situated requirement of § 216(b) is more elastic and less stringent than the joinder and severance requirements found in Rule 20 and Rule 42 respectively of the Federal Rules of Civil Procedure.

**I.**   **Whether Plaintiff Has Made A Sufficient Showing for Conditional Class Certification.**

 The Ninth Circuit has not yet formulated a test to determine whether putative class members are similarly situated.  Numerous district court decisions, however, apply a two-step approach for determining whether potential plaintiffs are similarly situated.  *Davis v. Westgate Planet Hollywood Las Vegas*, *supra,* at *9.  At the first stage, the court makes a preliminary determination whether to conditionally certify a class under § 216(b) and send notice to potential class members and give them the opportunity to join the action.  After discovery is completed, the defendant may move, at the second stage, to decertify the collective action and the court then makes a final determination, based on the evidence, whether the FLSA collective action should go forward.

 At the first stage, the court relies "primarily on the pleadings and any affidavits submitted by the parties," [to decide] "whether the potential class should be given notice of the action." *Davis, supra,* at *9, citing *Leuthold v. Destination America, Inc.,* 224 F.R.D. 462, 466 (N.D. Cal. 2004).  A fairly lenient standard is applied at this stage because the court has "minimal evidence" to make its determination.  *Mooney v. Aramco Services, Co.,* 54 F.3d 1207, 1213-14 (5th Cir.1995); *Kane v. Gage,* 138 F.Supp.2d 212, 214 (D. Mass. 2001).  A plaintiff need only make substantial allegations that the putative class members were subject to a single decision, policy, or plan that violated the law.  *Mooney,* 54 F.3d at 1214 n. 8.  *See also Byard v. Verizon West Virginia, Inc.,* 287

4

1    F.R.D. 365, 369 (N.D.W.Va. 2012) ("District courts in this Circuit have found conditional

2    certification appropriate where plaintiffs put forward at least a 'modest factual showing' that the

3    members of the putative class were victims of a common policy or practice that violated the

4    FLSA.")  The Sixth Circuit has given implicit approval to the two step approach and the lenient

5    standard applied at the first step.  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-547 (6th Cir.

6    2006).

7           Although a lenient standard is applied at the initial stage, a plaintiff does not meet her

8    burden through unsupported assertions of widespread violations.  *Edwards v. City of Long Beach*,

9    467 F.Supp.2d 986, 990 (C.D. Cal. 2006).  *See also Bernard v. Household Intern., Inc.*, 231

10   F.Supp.2d 433, 435 (E.D. Va. 2002) ("Mere allegations will not suffice; some factual evidence is

11   necessary"); and *Smith v. Sovereign Bancorp., Inc.*, 2003 WL 22701017, *2 (E.D. Pa. 2003)

12   (same).  Affidavits in support of a motion for conditional certification must be based on the

13   affiant's personal knowledge, which may be inferred based on what the affiant would have

14   probably learned during the normal course of employment.  *White v. MPW Industrial Services, Inc.*,

15   236 F.R.D. 363, 369 (E.D. Tenn. 2006).  The court, however, does not resolve factual disputes,

16   decide substantive issues on the merits or make credibility determinations at the first stage.  *Fisher*

17   *v. Michigan Bell Telephone Co.*, 665 F.Supp.2d 819, 826 (E.D. Mich. 2009); *Byard v. Verizon West*

18   *Virginia, Inc.*, 287 F.R.D. at 371.

19          Some courts have held that a motion for conditional class certification must be based on

20   admissible evidence.  *Harrison v. McDonald Corp.*, 411 F.Supp.2d 862, 865-866 (S.D. Ohio

21   2005); *Richards v. Computer Scis. Corp.*, 2004 WL 2211691, *1 (D. Conn. 2004); and *Threatt v.*

22   *Residential CFR, Inc.*, 2005 WL 463199, *5 (N.D. Ind. 2005).  Other courts state, however, that

23   evidence submitted in support of a motion for conditional certification does not have to meet the

24   admissibility standard applicable to summary judgment motions.  *White v. MPW Industrial*

25   *Services, Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006); *Crawford v. Lexington-Fayette Urban*

26   *County Government*, 2007 WL 293865, *2-*3 (E.D. Ky. 2007); *Bredbenner v. Liberty Travel, Inc.*,

27   2009 WL 2391279,*2 n. 1 (D.N.J. 2009); *Howard v. Securitas Security Services,* 2009 WL 140126,

28   *3 (N.D.Ill. 2009); and *Longcrier v. HL-A Co., Inc.*, 595 F.Supp.2d 1218, 1224 n. 8 (S.D. Ala.

2008).  *Fisher v. Michigan Bell Telephone Co.*, 665 F.Supp.2d at 826 states that "[b]ecause final disposition is not an issue at the conditional certification stage, requiring a plaintiff to present evidence in favor of a conditional certification that meets the hearsay standards of the Federal Rules of Evidence fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis of his case." (internal quotation marks and citations omitted).  *See also Davis v. Social Service Coordinators, Inc.*, 2012 WL 5361746 (E.D. Cal. 2012).  This Court believes the evidentiary standard applied by *White* and *Fisher* at the conditional certification stage is the better view.

Some courts, primarily (if not entirely) in the Eleventh Circuit, have required plaintiffs to show that other individuals within the putative class desire to opt into the action.  *Dybach v. State of Florida Dept. of Corrections*, 942 F.2d 1562 (11th Cir. 1991).  This requirement has not been applied by district courts in the Ninth Circuit.  *See Davis v. Westgate Planet Hollywood Las Vegas*, 2009 WL 102735, *12 (D.Nev. 2008); *Kiser v. Pride Communications,* Inc., 2011 WL 3841021, *2 (D.Nev. 2011); *Hoffman v. Securitas Security Services*, 2008 WL 5054684, *5 (D.Idaho 2008); *Mowdy v. Beneto Bulk Transp.*, 2008 WL 901546, *7 (N.D.Cal. 2008); and *Davis v. Social Service Coordinators, Inc.*, 2012 WL 5361746, *20 (E.D.Cal. 2012).   The *Hoffman* court's rejection of this requirement is worth quoting:

> "As a practical matter it would make little sense to require plaintiffs to have the knowledge they attempt to obtain by gaining approval of notice from the court."); *Adams,* 242 F.R.D. at 535-36 (discussing only similarly situated requirement); *Leuthold,* 224 F.R.D. at 468 (same); *Edwards v. City of Long Beach,* 467 F.Supp.2d 986, 990 (C.D.Cal. 2006) (same).  Independent of this apparent reality, such a threshold requirement strikes this Court as contradictory to the very notion of providing *notice* to potential plaintiffs of the opportunity to become part of a collective action-what the FLSA expressly provides.  Such a perspective is not unique; indeed, in characterizing as dicta *Dybach's* requirement that other employees definitively desire to opt-in to the action, the district court in *Reab v. Electronic Arts, Inc.,* 214 F.R.D. 623 (D.Colo. 2002) reasoned:
>
> > The cited language in *Dybach* is *dicta.*  Research fails to reveal any court that has applied this requirement.  Moreover, the instruction appears to conflict with United States Supreme Court's position that the [FLSA] should be liberally "applied to the furthest reaches consistent with congressional direction."

1

2

*Reab,* 214 F.R.D. at 629 (quoting *Alamo Found. v. Secretary of Labor,* 471 U.S. 290, 302, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985)).

3

4

*Reab* persuasively goes on to discuss the consequence of mandating what amounts to a guarantee that potential plaintiffs would actually seek to join the lawsuit, stating:

5

6

7

8

[R]equiring plaintiffs in § 216(b) actions to have some unknown number of persons decide whether to opt in places plaintiffs in the position of communicating with potential litigants without court supervision or guidance, leaving plaintiffs subject to allegations of improper solicitation and "tainting" of the putative class.  At this stage of the proceedings, the number of persons who wish to join the action is not a factor I consider in determining whether to grant Plaintiffs' motion to certify.

9

10

11

12

*Id.; see also Heckler v. DK Funding,* 502 F.Supp.2d 777, 780 (N.D.Ill.2007) (producing evidence of other opt-in plaintiffs "would essentially force plaintiffs or their attorneys to issue their own form of informal notice or to otherwise go out and solicit other plaintiffs. This would undermine a court's ability to provide potential plaintiffs with a fair and accurate notice and would leave significant opportunity for misleading potential plaintiffs.").

13

*Hoffman*, 2008 WL 5054684 at *6.

14

15

16

17

18

19

20

21

22

The Court finds that Plaintiff Guy's declaration sets forth sufficient facts, based on her personal knowledge as a student at Aveda between March 27, 2011 and February 1, 2012, to show that Defendants required cosmetology students to perform work in Aveda's cosmetology salon located on the school campus, and that Aveda charged customers for the student's services. Defendants have not disputed these factual allegations or Plaintiff's assertion that Defendants conducted the cosmetology salon as a for-profit enterprise.  The Court therefore finds that Plaintiff has provided a sufficient factual basis for the conditional certification of an FLSA. opt-in class consisting of all Aveda Institute Las Vegas students who performed salon services on paying clients after December 10, 2010, and who were not paid minimum wages or overtime wages.

23

24

25

26

27

28

The Court also finds no basis to defer authorizing the sending of notice until the Court rules on Defendants' pending motion to dismiss.  This is equivalent to a stay of pretrial proceedings which may only be entered if the court is convinced that the dispositive motion with be granted. *See Bacon v. Reyes*, 2013 WL 5522263, *2 (D.Nev. 2013), citing *Twin City Fire Ins. v. Emp'r of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989) and *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175

7

1   F.R.D. 554, 556 (D. Nev. 1997).  The Court has reviewed Defendant's motion to dismiss and the

2   opposition thereto, and is not convinced that it will be granted.  Additionally, if the Court deferred

3   the sending of notice, the statute of limitations would continue to run and the claims of some

4   potential opt-in plaintiffs would likely become time barred, in whole or in part, before they had the

5   opportunity to opt-in.  Finally, the primary burden and expense of sending notice falls on the named

6   Plaintiff and her counsel.  The relatively minor burden and inconvenience that Defendant will avoid

7   if this action is later dismissed, does not outweigh the interest in moving this action forward.

8       **II.   Opt-In Period**.

9       Plaintiff requests that the Court authorize a period of 120 days from the date the notice of

10  pendency of this action is mailed, for the collective action class members to join this action by

11  filing consents with the Court.  Defendants request a much shorter opt-in period of 45 days.  This

12  Court, in the past, has approved notice periods of between 60 and 90 days.  *See* Allerton v. Sprint

13  Nextel Corporation, Case No. 2:09-cv-01325-RLH-GWF, Order (#33), filed November 16, 2009

14  (granting an opt-in period of 60 days); *Lewis v. Nevada Property 1, LLC*, 2013 WL 237098, *16

15  (D.Nev. 2013) (granting opt-in period of 90 days).  In Small v. University Medical Center, Case

16  No. 2:13-cv-00298-APG-PAL, the Court approved a stipulated notice period of 75 days.  *See Dkt.

17  Nos. 114 and 116.  See also Kiser v. Pride Communications, Inc.*, 2011 WL 3841021, *1 (D.Nev.

18  2011) (approving 60 day opt-in period); *Cranney v. Carriage Services, Inc.*, 2008 WL 608639, *5

19  (D.Nev. 2008) (approving opt-in period of 120 days which may have been unopposed by

20  defendant); and *Phelps v. MC Communications*, 2011 WL 3298414, *6 (D.Nev. 2011) (granting 90

21  day opt-in period).

22      The class in this case is limited to students who attended the Aveda Institute in Las Vegas,

23  Nevada within the three year period prior to the filing of the complaint.  Plaintiff states that

24  approximately 60 students were enrolled in the program during the period she attended.  The parties

25  have not otherwise provided information regarding the number of students who attended Aveda's

26  cosmetology school since December 2010 so that the Court could reasonably estimate the size of

27  the potential opt-in class.  While the size of the class does not appear to be substantial, a large

28  portion of the class may consist of former students who are not presently connected to the

1  Defendant.  The Court concludes under the circumstances that a notice period of ninety (90) days is

2  reasonable.

3  **III.    Posting and Mailing of Notice.**

4  Plaintiff requests that her counsel be provided with the names, last known addresses, last

5  known phone numbers, and email addresses of all the potential class members.  Plaintiff also

6  requests that the notice of pendency and consent forms be posted in an area in Defendant's salon

7  where it will be conspicuous to all current students in Defendants' cosmetology training program.

8  Plaintiff further requests that Defendants be required to email the notice and consent form to the

9  potential class members.  Defendants oppose Plaintiff's request that the notice and consent forms

10  be posted in Defendants' school or that Defendants be required to email the notices to potential

11  class members.  Defendants also oppose Plaintiff's counsel sending the notice by email.

12  Some judges in this district have required the posting of the notices in the defendant's

13  workplace, while others have not.  *See Schemkes v. Presidential Limosine*, 2011 WL 868182, *5

14  (D.Nev. 2011) (ordering posting) and *Phelps v. MC Communications*, 2011 WL 3298414, *6 (D.

15  Nev. 2011) (refusing to order posting).  The court in *Phelps* stated that there was no indication that

16  service by first class mail or email would be ineffective or inadequate.  The court noted that

17  defendant should have proper addresses for their current employees and that posting the notice in

18  the workplace would not provide notice to former employees for whom defendant had no current

19  information.  *Id.*, at *5.  There is no indication in this case that Defendants are unable to provide

20  current mailing addresses and/or email addresses for the students who fall within the opt-in class,

21  such that posting on the school premises is necessary to provide them with notice of this action and

22  the opportunity to opt-in.

23  The Court will not require Defendants to email the notice and consent forms to opt-in class

24  members.  The Court will, however, authorize Plaintiff to send notice to putative class members by

25  email.  Although some courts have disapproved of using email to send notice due to concerns about

26  subsequent modification and distortion of the notice, *see Espendscheid v. DirecStat USA, LLC*,

27  2010 WL 2330309, *15 (W.D.Wis. 2010), this Court agrees with the statement in *Phelps* that

28  "[e]mail is an efficient, reasonable, and low cost supplemental form of notice, particularly where

9

the Defendants may lack current physical mailing address information for its former employees." *Id.* The Court will, therefore order Defendants to provide Plaintiff's counsel with both the last known physical (street or post office) mailing addresses and email addresses for past and present students within the defined class. Plaintiff may send the court authorized notice and consent forms to class members by regular first class mail and/or email.

The Court will also order Defendants to provide the last known telephone numbers of potential class members. Having such telephone numbers will facilitate later communication with present or former students who elect to opt-in to this action. FLSA case law, however, contemplates the sending of court approved written notice to putative class members to ensure that accurate and impartial information about the lawsuit, the approved class and the opt-in process is provided. Plaintiff and her representative should not attempt to contact putative class members by telephone prior to sending them the authorized written notice by first class regular mail or email. In *Espendscheid*, the court authorized plaintiffs to communicate with putative class members by telephone if plaintiffs were unsuccessful in contacting them through the court approved notice. The court, however, required the plaintiffs to use a court approved script when communicating with putative class members by telephone. In this case, Plaintiff should seek and obtain specific court approval prior to attempting to communicate with putative class members by telephone.

## IV.   Form of Notice.

The form of notice attached to Plaintiff's motion as Exhibit 2 generally conforms to the form of notice approved by the Court in other cases. It also defines the class in accordance with the class conditionally certified by this order. The notice, however, will have to be modified to conform to provisions of this order.

Defendants request that the notice inform prospective class members of their potential obligation to participate in discovery or to testify at trial. In support of this request, Plaintiff cites *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 450 (S.D.N.Y. 2011) which states that courts in the Southern District of New York routinely accept language requiring the notice "to inform potential plaintiffs that if they opt-in, they *may* be asked to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial." *See also Behnken v. Luminant Min. Co., LLC*, ---

F.Supp.2d ----, 2014 WL 585333, *10 (D.Tex. 2014) (notice should include information regarding possible obligation to respond to written discovery, appear for deposition or testify at trial); *Mitchel v. Crosby Corp.*, 2012 WL 4005535, *7 (D.Md. 2012) (same); *Byard v. Verizon West Virginia, Inc.*, 287 F.R.D. 365, 374 (N.D.W.Va. 2012) (same); *Pack v. Investools, Inc.*, 2011 WL 5325290, *4 (D.Utah 2011) (same), and *Phelps v. MC Communications*, 2011 WL 3298414, at *7 (same). These decisions hold that the inclusion of such language in the notice will be helpful to recipients in understanding their obligations if they join the lawsuit and in making reasoned decisions about the time they will need to invest in the lawsuit should they decide to opt-in.  Including such a brief statement in the notice will not unreasonably deter class members from joining the lawsuit.

The Court agrees with these decisions and orders that the following statement be added to the notice at the end of the section entitled "EFFECT OF JOINING THIS SUIT:"

> By joining this case, you may be required to respond to written discovery, appear for a deposition or testify at trial.

Defendants also request that the notice inform the recipients that by joining the lawsuit, they may be liable for costs and attorney's fees to the defendant if plaintiffs do not prevail in the action. The cases from other districts are split on the issue of whether it is proper to include such a statement in the notice.  *See Byard v. Verizon West Virginia, Inc.*, 287 F.R.D. at 374-75, citing cases pro and con.  Judges in this district have refused to require such a provision in the notice.  In *Phelps v. MC Communications*, 2011 WL 3298414, at *7, the court noted that attorney's fees may only be awarded to a defendant in an FLSA action if the plaintiff litigates in bad faith.  The court found that the remote possibility of such an award did not support inclusion of the requested language and only served to discourage collective action members from joining the suit.  In *Green v. Executive Coach and Carriage*, 895 F.Supp.2d 1026, 1030 (D.Nev. 2012), the court agreed with the line of cases stating that the inclusion of such information in the notice is not proper because it "'may have an *in terrorem* effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree.'"  *Id.*, quoting *Guzman v. VLM, Inc.*, 2007 WL 2994278, at * (E.D.N.Y. 2007).  The court also cited *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d at 451, in which the court denied the defendants request to notify

11

1   potential plaintiffs that they may be responsible for counterclaim damages or any other costs. *Id.*

2   This Court will follow *Phelps* and *Green* and decline to include such language in the notice.

3       Although not raised by Defendants, the notice shall not indicate that it bears the signature of

4   the District Judge or Magistrate Judge, since such a signature may suggest to the recipients that the

5   Court has made a decision on the merits of the action.

6       **V.   Equitable Tolling.**

7       Plaintiff moves the Court to toll the running of the statute of limitations from the date the

8   instant motion was filed through the end of the notice period.  As stated in *Davis v. Westgate*

9   *Planet Hollywood*, 2009 WL 102735, *14 (D. Nev. 2009), federal courts have applied equitable

10  tolling in two situations: (1) when the plaintiffs are prevented from asserting their claims by some

11  wrongful conduct on the part of the defendant; or (2) when extraordinary circumstances beyond

12  plaintiffs' control make it impossible to file the claims on time.  *Alvarez-Machain v. United States*,

13  107 F.3d 696, 701 (9th Cir. 1996).   There is no evidence that Plaintiff has been prevented from

14  asserting her claims by any wrongful acts of the Defendants.  The judges in this district have not

15  granted motions to toll the running of the statute of limitations where the defendant has filed a non-

16  frivolous opposition to the motion for conditional certification of the FLSA class.  *See e.g. Davis v.*

17  *Westgate Planet Hollywood*, at *14; *Phelps v. MC Communications, Inc.*, 2011 WL 3298414, *8

18  (D. Nev. 2011) (tolling not warranted); *Williams v. Trendwest Resorts, Inc.*, 2006 WL 3690686, *8

19  (D. Nev. 2006) (tolling not warranted); and *Lewis v. Nevada Property 1*, 2013 WL 237098, *14-15

20  (D.Nev. 2013).  In *Phelps v. MC Communications, Inc.*, 2011 WL 3298414, at *8, the court noted

21  that "the fact that Defendants opposed the motion to circulate notice did not, in and of itself,

22  preclude any potential plaintiff from asserting his or her claim."  Although Defendants' opposition

23  to conditional certification is not particularly persuasive, the Court does not find it to be frivolous.

24  Defendants have also raised legitimate issues regarding the form of the notice and the opt-in period.

25  Tolling the statute of limitations from the date that Plaintiff filed her motion is therefore not

26  warranted.

27      The court's delay in deciding the motion for conditional certification, or the potential delay

28  that may occur in providing the information needed to send notice to the class members may justify

12

1   some tolling of the statute of limitations.  In *Lucas v. Bell Trans*, 2010 WL 3895924, *5 (D. Nev.

2   2010), the court granted equitable tolling of the statute of limitations for the period caused by the

3   court's delay in ruling on the motion and because Rule 23 class status had already been granted for

4   plaintiff's state law claims.

5        In *Small v. University Medical Center*, 2013 WL 3043454, *3-4 (D.Nev. 2013), the court,

6   relying on *Adams v. Inter-Con Security Systems, Inc.*, 242 F.R.D. 530, 543 (N.D.Cal. 2007), tolled

7   the running of the statute of limitations from the date that plaintiff's motion for conditional

8   certification became ripe for decision through the date that defendant provided the names and

9   addresses of the class members to the plaintiff.  The court stated that defendant's motion was ripe

10  for decision thirty days after it was filed.  The court did not issue its decision, however, until three

11  months after the motion became ripe.  The court stated that defendant would not be prejudiced by

12  tolling the running of the statute of limitations because it knew of the scope of its potential liability

13  from when the complaint was filed and was also aware of plaintiff's objective to join all employees

14  within the conditionally certified class as parties to the action.  *Small, supra*, at *4.  The court

15  further ordered that the tolling period would end on the date that defendant provided the employee

16  contact information to plaintiff's counsel, or the date that an opt-in plaintiff filed his/her consent to

17  join the action, whichever occurred earlier.  The statute of limitations was not tolled as to any

18  plaintiff whose consent to join the action was filed before the tolling period began.

19       Plaintiff Guy's motion for circulation of notice was filed on April 4, 2014.  The opposition

20  and reply briefs were filed in a timely manner.  Using *Small's* thirty day ripeness period, the motion

21  became ripe for decision on May 5, 2014.  There has not been any significant delay in the Court's

22  issuance of this decision.  In order to provide some consistency with *Small*, however, and to avoid

23  prejudice that may result from any delay in providing the addresses of the opt-in class members, the

24  Court will toll the running of the statute of limitations from May 5, 2014 until the date that

25  Defendants provide Plaintiff's counsel with the last known addresses, email addresses and

26  telephone numbers of the potential class members.  As in *Small*, if a class member files his/her

27  consent to join the action before the date that Defendants provide the contact information to

28  Plaintiffs, then the tolling of the statute of limitations with respect to that class member shall end

1    on the date his/her consent is filed.

2                                    **CONCLUSION**

3            Based on the foregoing,

4            **IT IS HEREBY ORDERED** that Plaintiff's Motion for Circulation of Notice of the

5    Pendency of this Action Pursuant to 29 U.S.C. § 216(b) and for Other Relief (#20) is **granted** as

6    follows:

7            1.      The Court conditionally certifies an FLSA collective action class consisting of all

8    Aveda Institute Las Vegas students who performed salon services on paying clients in Aveda's

9    salon and:

10                          A. who performed such work after December 10, 2010, and

11                          B. who did not receive minimum wage as required by the FLA.

12           2.      The Court further authorizes the sending of the written "Notice of Pendency of

13   Collective Action Lawsuit Under the Fair Labor Standards Act" (hereinafter "Notice") and

14   "Consent to Join Pursuant to 29 U.S.C. §216(b)" (hereinafter "Consent") in accordance with the

15   forms attached as Exhibit 2 to Plaintiff's Motion (#20), as modified by this order.   As set forth

16   above, the Notice shall include an opt-in period of ninety (90) days; shall inform the recipients of

17   their obligation to participate in discovery or appear at trial if they opt-in; and shall not include the

18   signature of the District Judge or Magistrate Judge.   Plaintiff shall file the revised Notice form

19   with the Court Clerk within ten (10) days of the date of this order.

20           3.      Defendants shall provide Plaintiff's counsel with the names and last known mailing

21   addresses, email addresses, and telephone numbers of the potential collective action class members

22   within thirty (30) days from the date of this order.  The date for providing such information may be

23   extended by order of the Court, pursuant to stipulation of the parties or upon motion for good cause

24   shown.

25           4.      Plaintiff shall send the Notice to the potential collective action class members within

26   fourteen (14) days after receiving the contact information from Defendants.  Plaintiff shall also

27   promptly file a statement with the Court Clerk certifying the date that the Notice was sent to the

28   potential class members.

1    5.      Plaintiff is required to file with the Court Clerk all Consents to Join Pursuant to 29

2    U.S.C. §216(b) within ninety (90) days from the date that the Notice was sent to the collective

3    action class members.  Any individual on whose behalf a Consent is filed after the expiration of the

4    deadline shall not be allowed to participate as a plaintiff in this action, unless for good cause

5    shown, the Court enters an order permitting such individual to participate.

6            6.      The running of the statute of limitations on the claims of potential collective action

7    class members shall be tolled from May 5, 2014 until the date that Defendants provide the contact

8    information for the potential collective action class members to Plaintiff, or until the date that an

9    individual opt-in plaintiff's Consent is filed with the Court Clerk if it occurs prior to the date that

10   Defendants' provided the contact information for the potential class members.

11           DATED this 12th day of May, 2014.

12

13   _____

14   GEORGE FOLEY, JR.
     United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15