# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Marni M. Guy, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Casal Institute of Nevada, LLC, dba Aveda Institute Las Vegas, Arthur J. Petrie, John Gronvall, and Thomas Ciarnello,<br><br>Defendants. | Case No. 2:13-cv-02263-APG-GWF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>(Dkt. Nos. 10, 33, 53, 73) |

Plaintiff Marni M. Guy brings this wage-and hour-action on behalf of herself and others similarly situated based on Defendants' alleged failure to pay minimum wages and/or overtime wages as required by the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201–218) and Nevada law. (Complaint at ¶¶ 1, 52-65.) Guy alleges that defendants operate a for-profit cosmetology and esthetics services school (Aveda Institute Las Vegas) which trains paying students to learn and practice the trades of cosmetology and esthetic services. (*Id*. at ¶ 19.) Defendants also operate a for-profit business that provides cosmetology and esthetic services to the public for fees. (*Id*. at ¶¶ 20, 21.) Defendants require their students to perform cosmetology and esthetic services for the for-profit business without compensation. This practice allegedly allows the defendants to offer the services to the public at lower costs than are typically charged by cosmetology salons which do not use uncompensated labor. (*Id*. at ¶¶ 21–28.) Guy alleges that defendants' failure to pay the students for their services violates the FLSA and Nevada law, which require employers to pay their employees at least a minimum wage and overtime wages.

1    Defendants have moved to dismiss Guy's complaint. (Dkt. #10.)[1] For the reasons
2    discussed below, the motion is granted as to the individual defendants, but denied as to Casal
3    Institute of Nevada, LLC, dba Aveda Institute Las Vegas.

**A. Legal Standard**

A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; legal conclusions couched as factual assertions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action supported only by conclusory statements do not suffice. *Id.*

Second, a district court must consider whether the factual allegations allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under

---

[1] The parties also filed motions for leave to file supplemental authority. (Dkt. ##33, 53, 73.) Those motions are granted.

*some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).  When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**B. Analysis**

    **1. Dismissal of Defendants Arthur J Petrie, John Gronvall, and Thomas Ciarnello**

As an initial matter, the defendants move to dismiss Arthur J. Petrie, John Gronvall, and Thomas Ciarnello as defendants in their individual capacities.  Guy asserts that since the corporate defendant "must act through individuals" and that because the "individual defendants [] used their power over the corporate defendant to 'enter into contracts of employment,'" Petrie, Gronvall, and Ciarnello may be individually liable to Guy. (Complaint at ¶¶ 38-46; Plaintiff's Response (Dkt. #16) at 16-17.)  I am not convinced.

The only theory by which the individual defendants could be held liable in this action is by piercing the corporate veil.  In Nevada, LLCs are treated as corporations for purposes of the "alter ego" doctrine when piercing the corporate veil. *See Montgomery v. eTrepped Technologies, LLC*, 548 F.Supp.2d 1175, 1179 (D. Nev. 2008) (recognizing that federal and state courts have consistently applied the law of corporations to LLCs for piercing the corporate veil, the "alter ego" doctrine, the "business judgment rule," and derivative actions); *see also, In re Giampietro*, 317 B.R. 841, 845–47 (D. Nev. 2004) (treating an LLC as a corporation for the "alter ego" doctrine).

To impose individual liability there must be "such a unity of interest and ownership between the corporation and the shareholder that the two no longer exist as separate entities" and that a "failure to disregard the corporation would result in fraud or injustice." *Seymour v. Hull & Moreland Engineering*, 605 F.2d 1105, 1111 (9th Cir. 1979).

Guy alleges that the individual defendants signed contracts on behalf of the LLC and not in their individual capacities. (Dkt. #16 at 17.)  But merely signing a contract on behalf of a

corporate defendant is insufficient to show that the corporation is the alter ego of the individual defendants. *LFC Marketing Group, Inc. v. Loomis*, 116 Nev. 896, 903 (2000). Moreover, the Nevada Supreme Court has held that "individual corporate managers are not personally liable, as employers, for unpaid wages." *Boucher v. Shaw*, 124 Nev. 1164, 1170 (2008). Consequently, I will grant the defendant's motion in this regard and dismiss the individual defendants in their personal capacity, leaving Aveda as the only remaining defendant.

### 2. Whether Aveda is liable under Nevada law

Aveda asserts that the complaint should be dismissed because Aveda is barred as a matter of law from compensating its students. Aveda relies on language in both NRS § 644.190 and NAC § 644.145. This argument is unavailing.

NRS § 644.190(2) provides that "it is unlawful for any person to engage in, or attempt to engage in, the practice of cosmetology or any branch thereof, whether for compensation or otherwise, unless the person is licensed in accordance with the provisions of this chapter." NRS § 644.190(3) exempts cosmetology students from this ban: "This chapter does not prohibit (a) Any student in any school of cosmetology established pursuant to the provisions of this chapter from engaging, in the school and as a student, in work connected with any branch or any combination of branches of cosmetology in the school." Thus, the statute does not bar the compensation of students.[2]

NAC § 644.145 provides:

> 1. A school's advertising of cosmetological services must not be false, misleading or deceptive.
> 2. No school may *advertise that its students will earn commissions, salaries or pay of any other kind, other than gratuities*, for services rendered.
> 3. A sign must be posted within each school of cosmetology to read "School of Cosmetology, Work Done Exclusively by Students," or words of similar

---

[2] Guy also alleges that she was required to perform janitorial, clerical, and logistical duties that were necessary for the operation of the salon, but "did not and could not confer any educational [] benefit" onto her or those similarly situated. (Dkt. #1 at ¶ 37(d).) Thus, even if the student exemption did not apply to Guy, some of these tasks are not cosmetology services and would fall outside of the statutory ban on performing unlicensed cosmetology services.

4

> substance. The sign must be displayed in the reception room and in full view of all patrons, students and instructors in the school.

This language does not expressly prohibit the compensation of students; it merely prohibits advertising that students will be compensated.

Based on the plain language of the statute and administrative code, I cannot conclude that NRS § 644.190 or NAC § 644.145 bars Aveda from compensating Guy or those similarly situated.

### 3. FLSA Claims

Aveda next asserts that Guy is a student and therefore not an employee within the meaning of the FLSA. The FLSA guarantees covered employees a minimum hourly wage for their work and entitles them to one and one-half times their regular wage for overtime. 29 U.S.C. §§ 206, 207. The FLSA defines an "employee" as "any individual employed by an employer," and defines "employ" as including "to suffer or permit to work." 29 U.S.C. §§ 203(e)(1), 203(g).

> The definition "suffer or permit to work" was obviously not intended to stamp all persons as employees who, without any express or implied compensation agreement might work for their own advantage on the premises of another. Otherwise, all students would be employees of the school or college they attended, and as such entitled to receive minimum wages.
> . . . .
> The [FLSA's] purpose as to wages was to insure that every person whose employment contemplated compensation should not be compelled to sell his services for less than the prescribed minimum wage.

*Walling v. Portland Terminal Co.*, 330 U.S. 148, 152 (1947). Thus, the key considerations are whether Guy "work[ed] in contemplation of compensation" and whether Aveda received an "immediate benefit" from Guy's training. *See Tony and Susan Alamo Foundation v. Secretary of Labor,* 471 U.S. 290, (1985); *Randolf v. Budget Rent-A-Car*, 97 F.3d 319, 326 (9th Cir. 1996).

Guy has alleged sufficient facts that she was an employee for purposes of the FLSA. Guy alleges that she and those similarly situated were required to perform labor that "did not and could not confer any educational or occupational benefit," including administrative, janitorial, and logistical functions. (Dkt. #1 at ¶ 37(d).) Guy asserts that these tasks are not tied to the cosmetology curriculum as part of the practical component of her cosmetology education. Thus,

Aveda is evading wage and hour laws by classifying her and those similarly situated as students rather than employees.

Guy also alleges that Aveda receives the "immediate benefit" of the work she performed. Aveda allegedly is able to charge far less than its competitors for salon services because it does not compensate its student-workers, thereby immediately profiting from the student-workers' services. This allegation satisfies the pleading requirement of the FLSA. *Alamo,* 471 U.S. 290; *Randolf*, 97 F.3d at 326.

Accepting all well-pleaded factual allegations as true, Guy has stated a plausible claim under the FLSA. Accordingly, I will deny Aveda's motion in this regard.

**C. Conclusion**

IT IS HEREBY ORDERED that the parties' respective motions for leave to file supplemental authority (Dkt. ##33, 53, 73) are **GRANTED**.

IT IS FURTHER ORDERED that the defendants' motion to dismiss (Dkt. No 10) is **GRANTED IN PART AND DENIED IN PART**. Individual defendants Arthur J. Petrie, John Gronvall, and Thomas Ciarnello are dismissed from this case.

DATED THIS 5th day of January, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE