LEON GREENBERG, SB# 8094
DANA SNIEGOCKI, SB# 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard #E-3
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com

CHRISTIAN GABROY, ESQ., SBN 8805
Gabroy Law Offices
170 S. Green Valley Parkway - Suite 280
Henderson Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

-------------------------------------------------x

| | |
|---|---|
| MARNI M. GUY, Individually and on behalf of all others similarly situated, | Case No.: 2:13-cv-2263-APG-GWF |
| Plaintiffs, | **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REARGUE AND AMEND THE COURT'S ORDER (DOCKET #88) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| CASAL INSTITUTE OF NEVADA, LLC doing business as AVEDA INSTITUTE LAS VEGAS, ARTHUR J. PETRIE, JOHN GRONVALL, and THOMAS CIARNELLO, | |
| Defendants. | |

Plaintiff, through by and through her attorneys, Leon Greenberg Professional Corporation and Gabroy Law Offices, hereby submits this Reply to Defendants' Response in Opposition to Plaintiff's Motion to Reargue and Amend the Court's Order (Docket #88) Granting in Part and Denying in Part Defendants' Motion to Dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES

### In Response to Defendants' Mischaracterization of Plaintiff's Motion as an "Extremely Late Surreply"

Defendants' characterization of plaintiff's motion as an "extremely late surreply" (Doc. No. 93 at p.3) is inappropriate.  In actuality it is defendants who are now, for the *first time* in the more than 13 months since this case has been pending, arguing that the individual defendants, Arthur J. Petrie, John Gronvall, and Thomas Ciarnello, are not liable as employers under the Fair Labor Standards Act ("FLSA"). Defendants use their opposition to plaintiff's motion to reargue and amend the Court's order to retroactively raise defenses concerning individual employer liability. The only portion of defendants' original motion to dismiss, the one ruled upon by the Court, relating to individual employer liability was at III(D), pages 7-8, where defendants argued no liability under *Nevada law*, not the Fair Labor Standards Act, could properly be imposed against the individual defendants.

### ARGUMENT

### I.   RECONSIDERATION OF THE COURTS ORDER IS PROPER UNDER THESE CIRCUMSTANCES

#### A)   The Court's Order was Manifestly Unjust

The Court is aware of its inherent powers to reconsider its prior orders.  The Ninth Circuit Court of Appeals has stated, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. IJ, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

As stated in plaintiff's moving papers, it would be fundamentally unfair to allow the dismissal of the plaintiff's FLSA claims against the individual defendants to stand and uphold the dismissal of those claims without notice or an opportunity to be heard.  Defendants made no argument to this Court that the individual defendants were not subject to liability under the FLSA and plaintiff was never given any

1   opportunity to address such claims. The Court's unintended result of dismissing such

2   FLSA claims is akin to a *sua sponte*, and without notice, dismissal of such claims.

3          The Northern District of California, faced with a near identical situation in

4   which the defendants never argued against the propriety of individual defendant

5   liability under the FLSA in their motion to dismiss, stated the following:

6          "Plaintiffs argue that they also have standing to bring an FLSA claim
           against the individual Ali Defendants because they have adequately alleged
7          that these Defendants are "employers" under the FLSA. Defendants do not
           address this argument. The FLSA defines employer as "any person acting
8          directly or indirectly in the interest of an employer in relation to an employee."
           29 U.S.C. § 203(d). "Employer" under the FLSA is not limited to the common
9          law concept of employer but is given an expansive definition. *Boucher v.
           Shaw*, 572 F.3d 1087, 1090–91 (9th Cir.2009). "Where an individual exercises
10         'control over the nature and structure of the employment relationship,' or
           'economic control' over the relationship, that individual is an employer within
11         the meaning of the Act, and is subject to liability." Id. at 1091 (citing Lambert
           v. Ackerley, 180 F.3d 997, 1012 (9th Cir.1999)).

12
           Here, Plaintiffs allege that the individual Ali Defendants own and/or
13         control the relevant auto body repair shops. (FAC ¶ 9.) Plaintiffs further allege
           that the individual Ali Defendants controlled Plaintiffs' work environment and
14         the policy decisions that led to the wage and hour violations. (FAC ¶ 9b.)
           Although these allegations are somewhat conclusory, Defendants do not argue
15         that [the individual defendants] are not employers under the FLSA's broad
           definition. Therefore, Plaintiffs have adequately alleged standing to bring an
16         FLSA claim against...[the individual Ali Defendants]."

17  *Sandoval v. Ali*, 2014 WL 1311776 at *4 (N.D. Cal. March 28, 2014). The court

18  should follow the holding in *Sandoval* and reconsider its order dismissing the FLSA

19  claims against individual defendants and find that such claims were properly pleaded.

20  **B)   The Court's Order was Clearly Erroneous**

21         The Court's Order never addressed any dismissal of the claims against the

22  individual defendants under the FLSA. It contained no analysis of the proper, or

23  improper, status of Gronvall, Petrie, and Ciarnello as individual defendants under the

24  FLSA. Rather, the court engaged in a "piercing of the corporate veil" analysis, which

25  it found was determinative of the plaintiffs' state law claims against the individual

26  defendants, a finding for which no reconsideration is sought. Such an analysis is not

27  determinative of liability against individual defendants under the FLSA. *See*, *Rimes

28  v. Noteware Development LLC*, 2010 WL 3069250 at *3 (N.D. Cal. Aug. 4, 2010)

(Failure to plead alter ego allegations with sufficient specificity is immaterial as to claims under the FLSA, which imposes "direct liability" on individual employers for violations of the FLSA").

**C)**   **Defendants misrepresent the complaint's allegations.**

Defendants now assert for the first time in this litigation that plaintiff's complaint fail to sufficiently plead facts to a support an FLSA against the individual defendants.  Defendants blatantly disregard the complaint's allegations in making such assertion as the complaint alleges much more than mere "ownership" by the individual defendants of the corporate defendant, as defendants assert at Docket #93, p. 5, l. 15-16.   The complaint specifically alleges the individual defendants have engaged in the *actual, express decision-making that caused the FLSA violations at issue.*   The Court is directed to the complaint's allegations at paragraphs 38-46, which are summarized below:

38.   The defendants Petrie, Gronvall, and Ciarnello, by virtue of their ownership and/or control of Casal, were empowered to make, and did make, the decisions to have Casal institute and/or continue the defendants' practices that are alleged to have created an employer and employee relationship between Aveda Institute of Las Vegas and the plaintiffs and the class members for the purposes of the FLSA and state minimum wage laws that are alleged in this complaint, such actions by Petrie, Gronvall, and Ciarnello also causing the violations of the FLSA and state law alleged in this complaint.

39.   The defendants Petrie, Gronvall, and Ciarnello, by virtue of their ownership and/or control of Casal could have, but did not, make the decision to have Casal discontinue the defendants' practices that are alleged to have created an employer and employee relationship between Casal and the plaintiffs and the class members for the purposes of the FLSA and the state minimum wage laws that are alleged in this complaint, such actions by Petrie, Gronvall, and Ciarnello also causing the violations of the FLSA and state law alleged in this complaint.

40.   The defendants Petrie, Gronvall, and Ciarnello, despite having the power to do so, did not direct Casal to discontinue the practices that are alleged to have created an employer and employee relationship between Casal and the plaintiffs and the class members for the purposes of the FLSA and the state minimum wage laws that are alleged in this complaint, such actions by Petrie, Gronvall, and Ciarnello also causing the violations of the FLSA and state law alleged in this complaint.  The defendants Petrie, Gronvall, and Ciarnello failed to take such action because doing so would have diminished the profits of Casal and such diminishment of profits would have in turn diminished the financial returns enjoyed by defendants Petrie, Gronvall, and Ciarnello from their ownership or control of Casal.

46.    In light of the foregoing set of facts, the defendants Petrie, Gronvall, and Ciarnello are properly deemed "employers" of the plaintiffs and the class members within the meaning of the FLSA and the state laws alleged in that defendants Petrie, Gronvall, and Ciarnello were acting as decision making "agents of an employer" and were the controlling persons of Casal and the beneficial owners of Casal and the Aveda Institute of Las Vegas with the power to implement, continue and/or terminate the illegal policies and practices that are alleged to have violated the FLSA and the state laws that are alleged in this complaint.  The defendants Petrie, Gronvall, and Ciarnello not only were vested with such powers, but also knowingly exercised such powers to continue the violations of the FLSA and the state laws that are alleged in this complaint and/or they acquiesced to the continuation of such violations despite having the power and duty to prevent and stop the same.  The imposition of such liability upon the defendants Petrie, Gronvall, and Ciarnello is also proper because they expressly directed Casal to commit the criminal acts that violated the FLSA and the state laws alleged and as a result should be held civilly liable for such violations of law.

The foregoing allegations that the individual defendants expressly made the decisions to have the corporate defendants conduct their personal services business in violation of the FLSA sufficiently state a claim that the individual defendants are properly deemed "employers" under the FLSA, as in *Lambert v. Ackerley*, 180 F.3d 997, 1001-02 (9th Cir. 1999) and other cases.  Moreover, such allegations are entirely consistent with information concerning the role of at least one of the individual defendants in recently produced discovery by defendants in this case.  *See*, Ex. "A," Bates labeled AVEDA003864 and filed under seal.

## II.    DEFENDANTS CITE TO INAPPOSITE CASE LAW DISCUSSING INDIVIDUAL EMPLOYER LIABILITY UNDER THE FLSA

Defendants, without any citation to controlling authority, make the following unsupported statements: "individual liability under the FLSA is structured around a very personal interaction between an employer and employee" and "distinct personal control of certain aspects of the workplace is the factor upon which individual liability often relies."  *See*, Docket #93, p. 4., l. 1-2, 14-15.  Defendants cite to no supporting authority for these statements because none exist.  Defendants then go on to discuss at length three appellate decisions in which individual employer liability under the FLSA was addressed: *Lambert v. Ackerly*, 180 F.3d 997 (9th Cir. 1999); *Irizarry v. Catsimatidis*, 722 F.3d 99 (2nd Cir. 2013); and *Gray v. Powers*, 673 F.3d

1    352 (5ᵗʰ Cir. 2012).

2        In these three cases the Courts of Appeal were all determining the individual

3    employer liability issue after the development of a full evidentiary record and a trial

4    or a summary judgment determination.  The issue before this court now is a dismissal

5    of the individual defendants based upon the pleadings and not a full evidentiary

6    record.  The issue is not what the plaintiff *has proven* or shown by the evidence *that*

7    *she can prove if believed* but, rather, *what the plaintiff has alleged.*

8        In reviewing the sufficiency of pleadings to survive a motion to dismiss, the

9    court must take all allegations of material fact as true and construe them in the light

10   most favorable to the nonmoving party, although "conclusory allegations of law and

11   unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins*

12   *v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.2009). While "a complaint need not contain

13   detailed factual allegations ... it must plead 'enough facts to state a claim to relief that

14   is plausible on its face.'" *Id*.  "The plausibility standard is not akin to a 'probability

15   requirement,' but it asks for more than sheer possibility that a defendant acted

16   unlawfully."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167

17   L.Ed.2d 929 (2007).

18       Here, as demonstrated above, plaintiff's allegations at paragraphs 38-46 of her

19   complaint more than adequately allege enough facts to state a claim for relief that is

20   plausible on its face.  Plaintiffs have shown, through such allegations that the

21   individual defendants exercised economic and actual control over the defendants'

22   personal services business (¶ 38) and continued such operations despite knowing they

23   were engaging in violations of the FLSA because such operations were personally

24   profitable to them (¶ 39-40) and were therefore acting as decision-making agents with

25   vested powers to continue the FLSA violations at issue (¶ 46).  This clearly satisfies

26   the standard set by *Boucher v. Shaw*, 572 F.3d 1087 (9th Cir.2009) ("where an

27   individual exercises 'control over the nature and structure of the employment

28   relationship,' or 'economic control' over the relationship, that individual is an

1   employer within the meaning of the Act, and is subject to liability." *Id.* at 1091 (citing

2   *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir.1999).

3                                    **CONCLUSION**

4        Wherefore, plaintiff's motion should be granted along with such other and

5   further relief as the Court deems just and proper.

6

7   Dated: Clark County, Nevada

8            February 9, 2015

9

10                  LEON GREENBERG PROFESSIONAL CORPORATION

11

12                  */s/ Leon Greenberg*

13                  By: Leon Greenberg, Esq.
                        Attorney for the Plaintiff

14                  2965 S. Jones Blvd., - Suite E-3
                    Las Vegas, Nevada 89146

15                  (702) 383-6085
                    Nevada Bar Number: 8094

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

FILED SEPARATELY UNDER SEAL