Leon Greenberg, Bar No. 8094
Dana Sniegocki, Bar No. 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard #E-4
Las Vegas, NV 89146
Tel: (702) 383-6085
Fax: (702) 385-1827
leongreenberg@overtimelaw.com
dana@overtimelaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARNI M. GUY, Individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CASAL INSTITUTE OF NEVADA, LLC dba AVEDA INSTITUTE LAS VEGAS, ARTHUR J. PETRIE, JOHN GRONVALL, and THOMAS CIARNELLO,<br><br>Defendants. | CASE NO. 2:13-cv-02263-RFB-GWF<br><br>**STIPULATION AND ORDER** |

Plaintiff and Defendants ("the parties"), by and through their attorneys of record, hereby stipulate and agree to the following:

1. The issue in this action is whether the named plaintiff and the members of the putative class, all of whom were enrolled students of defendants' cosmetology school, were employees for FLSA and Nevada minimum wage purposes of any of the defendants during the periods of time they were assigned to work, or be available to work, on paying customers at the salon that was part of defendants' cosmetology school. The parties agree that such salon was part of the operations of the cosmetology school conducted by defendant Casal Institute of Nevada LLC.

The claims made against all of the other defendants, who are alleged to be certain individuals properly deemed as "joint employers" under the FLSA based up on their relationship with Casal Institute, are derivative of the plaintiff's claims against Casal Institute.   If Casal Institute is found to not be an employer of the plaintiff within the meaning of the FLSA the other defendants also cannot be employers within the meaning of the FLSA of the plaintiff.

2. In light of the foregoing, the parties believe it they should defer all other activity in this case and proceed at this time with summary judgment motions on the issue of whether Casal Institute is, or could possibly be deemed, an "employer" of the named plaintiff within the meaning of FLSA and/or Nevada law. If that issue is decided upon summary judgment in favor of defendants this case will be disposed of in its entirety.  If it is not, the parties have agreed to defer the joint employer, class action certification, and damages issues until after the Court decides the parties' respective summary judgment motions on the issue of whether Casal Institute's is, or can be, liable on the named plaintiff's individual claims as such plaintiff's "employer" within the meaning of the FLSA and Nevada law.

2. Thus, in order to preserve the resources of the Court and the parties, the parties have agreed to proceed to brief and file their motions for summary on a determination of liability as against only the corporate defendant, CASAL INSTITUTE OF NEVADA LLC dba AVEDA INSTITUTE LAS VEGAS, and for only those claims asserted on behalf of the named plaintiff, MARNI M. GUY,

individually. Such motions for summary judgment will be filed on or before December 30, 2015.

3. In doing so, the parties agree that discovery on the following topics shall be held in abeyance until the Court renders a decision on the parties' respective motions for summary judgment discussed in paragraph 2:

    a. Production of electronic data files pertaining to the salon services conducted in defendants' student salon by students, and the class members' attendance and presence at that student salon, which the parties agree are the "Millennium system data files" and the "SMART system data files" as per the hearing held with the Court on August 26, 2015;

    b. Discovery pertaining to defendants' Affirmative Defenses asserted in Defendants' Answer, Doc. No. 123, filed on September 23, 2015; and

    c. Discovery pertaining to the liability of the individual defendants, John Gronvall, Arthur J. Petrie, and Thomas Ciarnello, for claims asserted against such defendants under the Fair Labor Standards Act.

4. In the event summary judgment is granted in favor of the plaintiff, or both parties' respective motions for summary judgment are denied, the parties agree to confer about the remaining discovery to be conducted and provide to the Court,

within 20 days after the Court enters its Order pertaining to the parties' respective summary judgment motions, a Discovery Plan and Scheduling Order pertaining to the remaining discovery, including a deadline for the filing of a class certification motion.

IT IS SO STIPULATED.

Dated this 25th day of November, 2015        Dated this 25th day of November, 2015


 /s/ *Leon Greenberg*                                             /s/ *Kristol Bradley Ginapp*
LEON GREENBERG, ESQ.                              KRISTOL BRADLEY GINAPP
Nevada State Bar No. 8094                              Nevada Bar No. 8468
DANA SNIEGOCKI, Esq.                                 LEWIS BRISBOIS BISGAARD & SMITH LLP
Nevada State Bar No. 11715                             6385 S. Rainbow Boulevard, Suite 600
LEON GREENBERG PROFESSIONAL         Las Vegas, Nevada 89118
CORPORATION                                                 702.893.3383
2965 South Jones Boulevard                              FAX: 702.893.3789
Suite E-3                                                              E-mail: kristol.ginapp@lewisbrisbois.com
Las Vegas, NV 89146                                          Attorney for Defendants
Telephone No.: (702) 383-6085
Facsimile No.: (702) 385-1827
Attorneys for Plaintiffs

## **ORDER**

IT IS SO ORDERED this  9th   day of       December       , 2015.

_____
HON. RICHARD F. BOULWARE
United States District Judge

4823-3692-0363.1

4