# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARNI M. GUY, Individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASAL INSTITUTE OF NEVADA, LLC dba AVEDA INSTITUTE LAS VEGAS, ARTHUR J. PETRIE, JOHN GRONVALL, and THOMAS CIARNELLO,<br><br>Defendants. | Case No. 2:13-cv-02263-RFB-GWF<br><br>**ORDER** |

## I. INTRODUCTION

This case arises from Defendant Aveda's failure to pay Plaintiffs, Aveda students and alleged employees, pursuant to the Fair Labor Standards Act ("FLSA") and Nevada law. The Ninth Circuit's decision in <u>Benjamin v. B & H Education, Inc.</u>, 877 F.3d 1139 (9th Cir. 2017), dispositively affects this case. The Court retains discretion to reconsider its prior orders *sua sponte* at any time before the entry of judgment. <u>United States v. Smith</u>, 389 F.3d 944, 948 (9th Cir. 2004). The Court therefore reconsiders its August 23, 2016 order, ECF No. 159, and now grants summary judgment in favor of Defendants.

## II. BACKGROUND

Plaintiff Guy filed her Complaint on December 11, 2013. ECF No. 1.

On April 4, 2014, Plaintiff moved to circulate notice to potential collective action members under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). ECF No. 20. On May 12, 2014, the Court issued its Order granting Plaintiff's motion. ECF No. 30. In this Order, the Court

granted Plaintiff 90 days to send notice to potential class action members to participate in the action.

Defendants filed their Motion for Summary Judgment on January 13, 2016. ECF No. 132. Plaintiff filed her Motion for Partial Summary Judgment on the same day. ECF No. 133.

The Court held a hearing on July 28, 2016 to discuss outstanding motions. ECF No. 155. On August 23, 2016, the Court issued an order granting Plaintiff's Motion for Partial Summary Judgment and denying Defendants' Motion for Summary Judgment. ECF No. 159.

On September 16, 2016, Defendants filed a Motion for Certification of the Court's Order Granting Partial Summary Judgment for Immediate Appeal. ECF No. 161. Plaintiff responded on October 24, 2016. ECF No. 164.

On November 15, 2016, Plaintiff filed a Motion for Class Certification and for Injunctive Relief. ECF Nos. 165, 167. Defendants responded on December 2, 2016 and Plaintiff replied on December 27, 2016. ECF Nos. 170, 171, 178.

On December 16, 2016, Defendants filed a Motion to File Supplement to their Motion for Certification. ECF No. 174. Plaintiff responded on December 29, 2016 and Defendants replied on January 5, 2017. ECF Nos. 180, 182.

On December 19, 2016, Plaintiff filed a Motion for Entry of Discovery Order. ECF No. 175. Defendants responded on January 11, 2017 and Plaintiff replied on January 18, 2017. ECF Nos. 183, 184. On February 10, 2017, the Court held a motion hearing and reopened discovery for 90 days. ECF No. 188.

On March 2, 2017, Plaintiff filed a Motion to File a Supplement to Their Motion for Class Certification and for Injunctive Relief. ECF No. 189. Defendants responded on Mach 16, 2017 and Plaintiff replied on March 23, 2017. ECF Nos. 197, 202.

On March 6, 2017, Plaintiff filed a Motion to Strike, for Entry of a Discovery Plan, or Alternatively for a Stay of Discovery. ECF No. 194. Defendants responded on March 20, 2017 and Plaintiff replied on April 3, 2017. ECF Nos. 200, 204.

The Court held a hearing on September 11, 2017 regarding pending motions. ECF No. 217. The Court determined that it would await the Ninth Circuit's decision in Benjamin v. B & H

Education, Inc. before proceeding in the case, as the outcome in Benjamin may trigger a reconsideration of the Court's previous summary judgment determination. ECF No. 217, 218 at 11. The Court therefore stayed discovery, denied all pending motions without prejudice to *sua sponte* reconsideration, and extended discovery until after the Court reviewed the decision in Benjamin. ECF No. 217.

On December 19, 2017, the Ninth Circuit issued its decision in Benjamin. 877 F.3d 1139. The Court ordered supplemental briefing regarding the application of Benjamin on February 13, 2018. ECF No. 219. On February 27, 2018, Plaintiff and Defendants each submitted a supplemental brief. ECF Nos. 220, 221.

On October 1, 2018, Plaintiff filed a Motion to File a Second Supplement Pursuant to This Court's Minute Order of February 13, 2018. ECF No. 223. Defendants responded on October 15, 2018 and Plaintiff replied on October 22, 2018. ECF Nos. 224, 225.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

### IV. UNDISPUTED FACTS

The Court summarizes what it finds to be the relevant undisputed facts below. These facts

are intended to be consistent with or supersede the Court's August 23, 2016 order regarding summary judgment.

### A. Aveda and Cosmetology Schools in Nevada

To obtain a cosmetology license in Nevada, students must complete 1800 clock hours in a licensed school of cosmetology, pass a state cosmetology licensing examination, and pay a licensing fee. NRS § 644.200(5)(a). The Nevada cosmetology examination consists of practical demonstrations and written and oral tests evaluating students on a variety of skills and procedures, including haircutting, hair styling, nail technology, chemical treatments, the use of mechanical tools, "[i]nfection control and safety," and "antisepsis, sterilization and sanitation." NAC § 644.051; NRS § 644.240.

The Aveda Institute Las Vegas (Aveda) is a licensed and state accredited cosmetology school in Las Vegas. Aveda is a profit-making institution ("proprietary institution of higher education") participating in Federal Student Aid programs under Title IV of the Higher Education Act of 1965. Plaintiffs are or were Aveda cosmetology students.

Students of Aveda are required to receive credit hours in both theory instruction and clinic instruction as part of Aveda's curriculum. After completing the initial 300 hours of theory, Aveda students proceed to Advance I, where they are allowed to cut hair. Students then proceed to Advanced II and III, where they gradually are permitted to practice additional services. Students in the Advanced I, II, and III levels continued to receive instruction in theory as well. The final level is called Salon Life, which occurs once the student has exceeded his/her requirement for theory.

### B. Clinical Salon

Aveda operates a clinical salon where it charges customers for services performed by its students. The clinical salon is open to the public. Aveda publishes on its website a "Salon Services" menu with the various services the clinical salon offers.

At the clinical salon, paid instructors assist, correct, and step-in to work on guests. During the time of Guy's attendance at the school, in 2013, the ratio of students to educators was 7.25 students to 1 educator.

When customers arrive at the clinical salon, the reservationist assigns the customer to a zone and station in the salon based upon the type of service requested. Aveda does not assign students to customers by matching a customer's requested service to a student who needs or requests more experience providing such service. Rather, Aveda assigns customers to the first available student by "rotation." As a result, students may perform repetitive tasks on paying customers. Aveda does not permit students to bring in volunteer customers to perform services on. Aveda students must perform the services they are assigned.

After the customer is taken back to the work station, the student, with an instructor present, makes a recommendation to the customer regarding the technical aspect of the service. The instructor confirms that there is agreement as to what the client wants. The instructor then leaves the student to perform the desired service. The instructor returns at some point during the service to observe and/or assist and then again after the service is complete. The instructor does not observe or supervise the students during the entire time a student performs a service just a small portion of the time. After the service is complete, the student and the instructor have a discussion about the service and the student is graded.

Students do not spend the entirety of their assigned salon hours administering services to paying customers. Aveda does not guarantee that students will spend a specific number of hours performing services during their assigned salon hours. Students can spend long periods of time waiting to perform services while at the salon. Students may work on mannequins or view educational videos when they are not performing services on paying customers.

In addition to performing services on paying customers, the students are required to perform janitorial, laundry, and stockroom ("dispensary") tasks on a consistent and routine basis. While Aveda employs a cleaning staff to clean bathrooms, students are required to clean work stations and sweep up cut hair regularly.

**V.     DISCUSSION**

In its August 23, 2016 order, the Court determined that Plaintiffs were employees under the FLSA as a matter of law. ECF No. 159 at 7. The Court based its conclusion on two main

factors. Id. at 8. First, Aveda treated its students as employees, who were supervised on a limited basis. Id. Second, Aveda subordinated the interests of its students' education to its monetary interests; for example, Aveda required its students to complete janitorial tasks, refused to allow students to solicit unpaid volunteers instead of paying customers, and declined to assign students to customers seeking procedures that students desired to practice. Id. at 8–9.

The Court now revisits its determination in light of Benjamin, 877 F.3d 1139. In Benjamin, students of cosmetology and hair design at schools in California and Nevada sought compensation for their clinical labor pursuant to FLSA as well as under California and Nevada state law. Id. at 1141. The Circuit first determined that the primary beneficiary test, adopted by the Second Circuit in Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 536 (2d Cir. 2016), was the appropriate test as it best captured the Supreme Court's economic realities test in the context of determining whether students could be considered employees. Id. at 1147.

The Circuit next considered the seven factors of the primary beneficiary test as articulated in Glatt and found that "most if not all militate toward concluding that Plaintiffs are students," not employees. Id. The Circuit conducted its analysis as follows:

> With respect to the first [factor], there is no dispute that Marinello students signed on knowing they would not receive remuneration and did not expect compensation. Under the second and third factors, Marinello students received hands-on training in the clinic and academic credit for the hours they worked. The students' clinical work corresponded to their academic commitments under the fourth factor because clinical work allowed students to clock the hours they needed to sit for the state licensing exams. *See* Cal. Code Regs., tit. 16, §§ 950.2, 928(a); Nev. Rev. Stat. §§ 644.200, 644.204, 644.400. Fifth, nothing in the record suggests that Marinello required its students to participate in their programs for longer than was necessary to complete their hour requirement for the state exams. Under the sixth factor, students did not routinely displace the work of paid employees as the school maintained staff to instruct students, run clinics, operate front desks, inventory and stock the dispensary, handle the logistical needs of the clinics, and perform nighttime janitorial services. Finally, students had no expectation of employment with Marinello upon graduation. In summary, application of the *Glatt* factors establishes that students were the primary beneficiaries of their labors. Their participation in Marinello's clinic provided them with the hands-on training they needed to sit for the state licensing exams. Applying the primary beneficiary test we must conclude they were not employees under the FLSA.

Id. at 1147–48.

All of the facts considered by the Ninth Circuit in its analysis are also present and undisputed in the instant case. Aveda students enrolled in the program without an expectation of compensation. ECF No. 220 at 8. Aveda students received training and academic credit in exchange for their time in the clinical salon. Id. Aveda students received hours necessary for licensing exams for their participation in the clinical salon and only participated for the 1,800 hours required for state exams. Id. at 8–9. Aveda students did not displace paid employees, nor did they expect employment at Aveda after graduation. Id. at 9. The Court incorporates by reference its more extensive analysis under each of these seventh factors in a factually similar case, Guzman v. Lincoln Tech. Inst., 339 F. Supp. 3d 1048, 1056 (D. Nev. 2018).

Additionally, the facts which this Court weighed in its August 23, 2016 order are equally true in Benjamin. Marinello offered little to no supervision of the Benjamin plaintiffs in the clinical setting, with a 25-to-1 ratio of instructors to students and nine months of time without a classroom instructor assigned at all. Plaintiffs-Appellants' Opening Brief, 2016 WL 6935665, at 15 (November 23, 2016). The Benjamin plaintiffs were also required to perform janitorial tasks such as sweeping hair, taking out trash, mopping the floor, cleaning sinks, folding laundry, dusting, wiping mirrors and countertops, cleaning the classroom areas, cleaning the customer reception area, and restocking the dispensary room. Plaintiffs-Appellants' Reply Brief, 2017 WL 2313439, at 5 (May 24, 2017). They were not permitted to bring volunteer customers into the clinic to practice services without pay, and they were assigned to customers on a rotating basis and/or assigned to customers requesting services they could already perform proficiently. Plaintiffs-Appellants' Opening Brief, 2016 WL 6935665, at 6–7. These factors, which the Court previously found persuasive in its consideration of whether Plaintiffs were employees under FLSA, have since been considered by the Ninth Circuit and not found to outweigh the factors in favor of considering plaintiffs students rather than employees.

In Plaintiff's Supplement, Plaintiff argues that the test applied in Benjamin is essentially a "totality of the circumstances" test, not dissimilar to that applied by this Court previously, and that Benjamin therefore need not alter the Court's previous conclusion. But Plaintiff does not identify any concrete, relevant factual difference supported by the record between the case presented to the

Ninth Circuit in Benjamin and the case Plaintiff presents to this Court. Given the nearly identical facts shared by these two cases, the Court can identify no basis upon which to distinguish the instant case from Benjamin. The Court is compelled to reconsider its order given the clearly applicable and binding analysis of the higher court.

Therefore, the Court grants summary judgment in favor of Defendants. The motions that the Court dismissed *without* prejudice on September 11, 2017 are now dismissed *with* prejudice as moot. The Court grants Plaintiff's Motion to File a Second Supplement, ECF No. 223, but finds that the authority cited is non-binding and does not impact this Court's decision.

## VI. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that, upon reconsideration of the Court's August 23, 2016 Order at ECF No. 159, Defendant's Motion for Summary Judgment at ECF No. 132 is GRANTED.

**IT IS FURTHER ORDERED** that all motions dismissed without prejudice on September 11, 2017 at ECF No. 217 (ECF Nos. 161, 165, 167, 174, 175, 189, 194) are now DISMISSED *with* prejudice as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File a Second Supplement (ECF No. 223) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of Defendants and close this case.

DATED: May 21, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**